| Case No. | 2:14-cv-09923-SVW-JPR; 5:15-cv-00094-SVW-JPR; 5:15-cv-00298-SVW-JPR | Date | March 10, 2015 |
|---|---|---|---|
| Title | Noorzay et al. v. Tatitlek Support Services, Inc.; Nur et al. v. The Tatitlek Corporation, Inc. et al.; Chalupa v. Tatitlek Support Services, Inc. et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER Re Motion to Dismiss *Noorzay* Complaint [10]; ORDERING *Noorzay* to Show Cause; Re Notice of Consent to Opt Into *Nur* [15]; Consolidating *Noorzay* and *Nur*; and GRANTING *Chalupa* Leave to Amend

### I.     Introduction

There are presently three cases pending before this Court against defendant Tatitlek Support Services, Inc. ("Tatitlek"): *Noorzay et al. v. Tatitlek Support Services, Inc. et al.*, No. 2:14-cv-9923; *Nur et al. v. The Tatitlek Corp., Inc. et al.*, No. 5:15-cv-94; *Chalupa v. Tatitlek Support Services, Inc. et al.*, No. 5:15-cv-298. Each of these cases is a putative wage and hour class action asserted against Tatitlek (and a few other defendants in the *Nur* action). They all arise from Tatitlek's provision of Afghan workers to the Marine Corps for purposes of training exercises conducted on the Twentynine Palms military base. All three cases are brought on behalf of substantially overlapping putative classes, with the *Nur* putative class apparently encompassing the other two.

Presently before the Court is Tatitlek's motion to dismiss the *Noorzay* complaint, (*Noorzay*: Dkt. 10), and Plaintiffs' notice of consent to opt into the *Nur* action, (*Nur*: Dkt. 15).

### II.     Analysis

At the hearing held on March 9, 2015, Plaintiffs in both the *Nur* and *Noorzay* actions indicated

:

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-09923-SVW-JPR; 5:15-cv-00094-SVW-JPR; 5:15-cv-00298-SVW-JPR | Date | March 10, 2015 |
|---|---|---|---|
| Title | Noorzay et al. v. Tatitlek Support Services, Inc.; Nur et al. v. The Tatitlek Corporation, Inc. et al.; Chalupa v. Tatitlek Support Services, Inc. et al. | | |

that they are willing to consolidate these two cases. Moreover, the *Nur* Plaintiffs indicated that although they object to the *Noorzay* proposed class definitions, they agree with all of the factual allegations in the *Noorzay* complaint. The Court therefore CONSOLIDATES the *Nur* and *Noorzay* actions and DESIGNATES the current *Noorzay* complaint as the operative complaint. (*Noorzay* Dkt. 1.)

While the Court has considered the issues briefed by the parties to the *Noorzay* action regarding Tatitlek's motion to dismiss, the Court finds that the parties fail to address a pressing issue. Though they argue over whether Plaintiffs' waiting time penalty claim fails because Plaintiffs were neither terminated nor separated from Tatitlek, the parties fail to address a key issue underlying this argument: whether Plaintiffs are employees or independent contractors. Unlike employees, independent contractors (as determined by the "economic reality" test) cannot assert a FLSA claim. *See Real v. Driscoll Strawberry Associates, Inc.*, 603 F.2d 748, 754 (9th Cir. 1979). Additionally, an independent contractor (as determined by the common law test) may not assert California state law claims for, *inter alia*, unpaid overtime, failure to provide meal or rest breaks,a nd failure to reimburse business expenses. *See Ayala v. Antelope Valley Newspapers, Inc.*, 59 Cal. 4th 522, 530 (2014); *Cristler v. Express Messenger Sys., Inc.*, 171 Cal. App. 4th 72, 76 (Cal. Ct. App. 2009).

The *Noorzay* plaintiffs allege that they were all "Role Players" who worked for Tatitlek. (*Noorzay* Compl. ¶¶ 65, 78, 89, 100.) Plaintiffs assert that Role Players were "hired separately for each mission and there were no guarantees of being selected for any future missions." (*Id.* ¶ 33.) Thus, they complain that Tatitlek pressured them into signing falsified timesheets by making it clear to them that "if they refused to sign the timesheets, or attempted to change the printed hours, they likely would not be hired for any future missions." (*Id.* ¶ 41.) Plaintiffs, Afghan Role Players, assumed roles as a variety of members in a mock Afghan village and also "taught the Marines how to behave and what to expect when stationed in Afghanistan. For example, the Afghan Role Players explained how to act during meal times and describes the various meal restrictions." (*Id.* ¶¶ 28–29.) It also appears that the Role Players were expected to bring some of their own supplies, such as cold weather apparel and survival gear that they would need while staying in the mock village. *See* (*id.* ¶ 39.) Finally, with respect to each Plaintiff except Ayub, Plaintiffs assert that Tatitlek violated California Labor Code § 201 by "not immediately paying [him or her] when it released him [or her] after he [or she] completed each specific job assignment for which he [or she] was hired.) (*Id.* ¶¶ 71, 83, 106.) Thus, it appears from the face of the complaint that the Role Players are independent contractors and not employees.

The Court therefore ORDERS the Plaintiffs in the consolidated *Nur/Noorzay* action to show cause why their claims should not be dismissed because Plaintiffs are independent contractors barred

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-09923-SVW-JPR; 5:15-cv-00094-SVW-JPR; 5:15-cv-00298-SVW-JPR | Date | March 10, 2015 |
|---|---|---|---|
| Title | Noorzay et al. v. Tatitlek Support Services, Inc.; Nur et al. v. The Tatitlek Corporation, Inc. et al.; Chalupa v. Tatitlek Support Services, Inc. et al. | | |

from asserting each of their claims (except for their Unfair Competition Law claim, to the extent based on a violation of the UCL's "unfair" prong). Plaintiffs shall file their response within fourteen days of this Order's issuance.

The Court also considered the *Nur* Plaintiffs' notice of consent to opt into the *Nur* action. (*Nur*: Dkt. 15.) Though the attached consent forms state that the signor consents to be a party plaintiff, it appears that this is in fact a notice opting into the class. At this stage no class has been certified and the definition of the proposed class at issue is in flux because of the cases' consolidation. The Court therefore REJECTS Plaintiffs' notice of consent.

Finally, at the March 9 hearing, the *Chalupa* Plaintiff indicated that he wishes to amend his complaint to drop his class allegations. The Court therefore GRANTS Chalupa leave to file an amended complaint within fourteen days of this Order's issuance

**III.    Order**

For the aforementioned reasons:

> 1. The Court CONSOLIDATES the *Nur* and *Noorzay* actions, and designates the *Noorzay* complaint as the operative complaint.
>
> 2. The *Nur/Noorzay* Plaintiffs are ORDERED to show cause why their claims (other than their UCL "unfair" prong claim) should not be dismissed because Plaintiffs are independent contractors. Plaintiffs shall file their response within fourteen days of this Order's issuance.
>
> 3. The Court REJECTS the *Nur* Plaintiffs' notice of consent to opt into the action. (*Nur*: Dkt. 15.)
>
> 4. The Court GRANTS Chalupa leave to file an amended complaint within 14 days of this Order's issuance.