UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-9923 SVW (JPRx) | Date | June 22, 2015 |
|---|---|---|---|
| Title | Noorzay et al. v. Tatitlek Support Services, Inc. | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING IN PART Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, or in the Alternative, to Stay Proceedings, and Strike[1] [42]

     On March 10, 2015, this Court issued an order consolidating this action with the related *Nur* action, designating the *Noorzay* complaint as the operative complaint, and ordering plaintiffs to show cause why their claims (other than the Unfair Competition Law "unfair" prong claim) should not be dismissed because Plaintiffs are independent contractors. (Dkt. 21: Ps' Mem. P. & A., at 3.) On April 21, 2015, the Court granted the *Nur* Plaintiffs' motion for reconsideration and severed the *Nur* and *Noorzay* actions. (Dkt. 37.) The Court also dismissed the *Noorzay* complaint and granted the *Noorzay* plaintiffs leave to amend. (*Id.*) On May 5, 2015, the *Noorzay* plaintiffs filed their First Amendment Complaint ("FAC"). (Dkt. 38.)

     Presently before the Court is Defendants' motion to dismiss Plaintiffs' FAC or, in the alternative, to stay proceedings pending resolution of the *Nur* action. (Dkt. 42.) Plaintiffs do not dispute that the *Noorzay* action is the first filed action. Moreover, both cases involve substantially the same parties, similar underlying facts, and similar legal issues. Finally, another related case—*Abbas et al. v. Tatitlek Support Services, Inc.*, has already been stayed pending resolution of the *Nur* action. The Court therefore finds that the first-filed rule counsels staying the *Noorzay* action.[2]

---

[1] Upon review of the parties' briefs, the Court concludes that the Motion is suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15.

[2] The Court notes that the parties spend much of their briefs arguing about whether counsel for the *Nur* plaintiffs is disqualified and thus can't serve as class counsel. The Court finds that

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-9923 SVW (JPRx) | Date | June 22, 2015 |
|---|---|---|---|
| Title | Noorzay et al. v. Tatitlek Support Services, Inc. | | |

JS - 6

 For the reasons stated above, the Court STAYS this case pending resolution of the *Nur* action. The matter is moved to the Court's inactive calendar. The parties SHALL FILE a written notice with the Court when the matter should be restored to the active calendar.

---

Defendants did not act improperly by moving to stay this action while asserting in opposition to the *Nur* motion for class certification that *Nur*'s proposed class counsel is disqualified. Moreover, the Court does not here address the merits of Plaintiffs' argument—i.e. whether counsel for the *Nur* plaintiffs is disqualified.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |